UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TENHARMSEL,

    Plaintiff,

v.                                             Case No. 1:07-cv-253
                                              Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born on May 13, 1958 (AR 55).[1] He has a high school education (AR 22, 55, 91, 473).[2] He alleges a disability onset date of October 29, 2003 (AR 55). Plaintiff testified that he stopped working when he injured his right shoulder moving a piano (AR 477). Plaintiff had previous employment as a janitor, factory worker, maintenance worker, painter and floor care worker (AR 105-11). Plaintiff identified his disabling conditions as a right arm injury and epilepsy (AR 85). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on October 6, 2006 (AR 13-

---

[1] Citations to the administrative record will be referenced as (AR "page #").

[2] Plaintiff testified that he "graduated from the 12th grade," but stated in his SSA disability report that he earned a GED (AR 91, 473). The ALJ found that plaintiff earned a GED (AR 22).

23). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases.  *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265,

3

1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). *See Brooks v. Sullivan*, No. 90-5947, 1991 WL 158744 at *2 (6th Cir. Aug. 14,1991) ("[t]o establish medical eligibility for SSI, plaintiff must show either that he was disabled when he applied for benefits . . . or that he became disabled prior to the Secretary's issuing of the final decision on this claim . . . 20 C.F.R. §§ 416.335, 416.330").

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff has not engaged in substantial gainful activity since the alleged onset of disability (AR 15). Second, the ALJ found that he suffered from the following severe impairments:

> mild position-related obstructive sleep apnea; lateral epicondylitis of the right upper extremity (October 2003); complex partial seizure disorder; cervicalgia; left knee status-post surgical repair to a torn anterior cruciate ligament; obesity; status-post left shoulder decompression surgery (2001) with debridement surgery in March 2006; post-traumatic stress disorder; personality disorder; depressive disorder; and borderline intellectual functioning [full scale IQ 77, verbal IQ 75, performance IQ 84] [.]

(AR 16). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 19-20).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> to lift and carry up to twenty pounds occasionally and up to ten pounds frequently. He is able to stand or walk for six hours of an eight-hour workday to sit for six out

>of eight hours. He is limited in the upper extremities to no more than frequent push/pull operation of hand controls and overhead reaching. He cannot climb ladders, ropes or scaffolds. He must avoid concentrated exposure to moving machinery and can not perform occupational driving. He is limited to the performance of simple and routine tasks with occasional contact with the general public, co-workers, and supervisors.

(AR 20). The ALJ found that plaintiff could not perform his past relevant work (AR 21-22).

At the fifth step, the ALJ determined that plaintiff had the RFC to perform a range of light work (AR 22). Specifically, the ALJ found that plaintiff could perform the following work in the regional economy (Michigan's Lower Peninsula): assembler production inspector (2,500 jobs); gate guard (4,000 jobs); and production sorter (2,500 jobs) (AR 23). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 23).

## III. ANALYSIS

Plaintiff has raised two related issues on appeal. In his initial brief, plaintiff states the error on review as, "The ALJ lacked valid reasons to reject plaintiff's testimony." Plaintiff argues that the ALJ relied upon a hypothetical question posed to the vocational expert which did not accurately depict his limitations. In his reply brief, plaintiff raises a second issue when he seeks a remand to allow the ALJ to consider additional medical records that reflect his condition after the administrative hearing but before the ALJ issued his decision (i.e., between April 17, 2006 and October 6, 2006).

An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *See Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through

reliance on the testimony of a vocational expert (VE) in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments. *Id.* However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

At the administrative hearing, plaintiff testified that his seizures cause him to miss three days of work per month (AR 502). In plaintiff's words:

> I would miss work at least three times a month because of the seizures, because once I get one, I can plan on having four or five of them in a period of two days, two, three days, until something, I don't know, something clears up, and -- or if you go to the neurologist again and having him switch your medications, then it's going to be a longer period of time yet, because your body's got to get used to the new medication.

(AR 502). The ALJ commented that despite this condition, plaintiff managed to stay employed almost continuously until 2003 (AR 502). In response, plaintiff testified that his shoulder gave him problems after 2003 and that he could not perform factory work "due to the risk" of having seizures and shoulder problems (AR 502-03).

At the fifth step of the sequential evaluation, the ALJ posed hypothetical questions to the VE to determine whether plaintiff could perform substantial gainful activity. Based upon the limitations similar to those as set forth in the ALJ's RFC finding, the VE testified that plaintiff could perform the following: 2,500 production inspector jobs; 4,000 gate guard jobs; 1,500 parking lot

attendant jobs; 6,000 self-service gas attendant jobs, and 2,500 production sorter jobs (AR 510-11).[3]

The VE testified that these were some examples, and that "[t]here would be more" (AR 511).

Plaintiff's attorney posed an additional hypothetical question to the VE based upon plaintiff's testimony regarding his monthly "missed work" as follows:

> If the hypothetical individual had to miss more than three or more days per month attendancewise [sic] because of either seizures, lower back pain, or other impairments, would that preclude all gainful employment?

(AR 512). The VE responded, "Yes, it would" (AR 512). Plaintiff contends that the ALJ should have adopted this additional limitation.

An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (an ALJ's credibility determinations are accorded deference and not lightly discarded).

The ALJ's summary of plaintiff's medical history included two reports regarding the frequency of his seizures. In May 2003, plaintiff reported that he was having one seizure per month on a new drug regimen (AR 16). In January 2004, plaintiff reported to an examining physician that:

---

[3] Minor inconsistencies appear between the physical limitations as set forth in the RFC determination and the hypothetical question posed to the VE (e.g., the RFC states that plaintiff is limited in the upper extremities "to no more than frequent push/pull operation of hand controls and overhead reaching," while the hypothetical question states that he has "no limitations with regard to pushing and pulling" and is "limited to occasional overhead reaching with the left" (AR 23, 510). However, plaintiff does not dispute the minor inconsistencies in the physical limitations, but claims that the ALJ should have included an additional limitation of missing work three days a month due to his seizures.

he had a seizure disorder consisting of two types of events; that 90% of the seizures occur while he is at rest; and that the seizures occur about weekly "even with the use of medications" (AR 17). Plaintiff's claim of having to miss three days of work per month is not inconsistent with this medical history, which suggests that he has monthly or weekly seizures. While the ALJ apparently concluded that plaintiff's claim of missing three days per month due to seizures was not credible, he made no explicit finding on this issue. Accordingly, the court is left with a scant record of the ALJ's reasoning to support this conclusion. *See Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995) (an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning").

In addition, the court notes that plaintiff's counsel advised the ALJ on August 31, 2006 that plaintiff would be undergoing surgery on September 5, 2006, to remove a "golf ball size lump in the right side of his brain" (AR 379). In his October 6, 2006 decision, the ALJ mentioned a physician's opinion from February 2006 that plaintiff "might be a surgical candidate" and was undergoing pre-surgical evaluation, but made no reference to the fact that plaintiff was chosen for surgery and underwent the procedure in September 2006. In his reply brief, plaintiff seeks a remand for consideration of these medical records relating to the surgery (AR 380-466). Under these circumstances, the court concludes that a sentence-six remand is appropriate in this case to allow the ALJ to review the records regarding the surgery.

When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d

8

709, 711 (6th Cir.1988) (per curiam).[4]   Sentence six provides that"[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g) (emphasis added). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

Plaintiff has shown good cause for failing to present this medical evidence to the ALJ. "Good cause" is shown for a sentence-six remand "if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability."  *Koulizos v. Secretary of Health and Human Servs.*, 1986 WL 17488 at *2 (6th Cir. Aug. 19, 1986).  These medical records reflect plaintiff's continued treatment for "intractable epilepsy with mediotemporal lobe sclerosis on the right," which culminated in surgery (a temporal lobectomy) on September 5, 2006 (AR 441).[5]

Finally, the court concludes that these additional medical records are material.  In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence."  *Sizemore*, 865 F.2d at 711.  As previously

---

[4]  Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction  with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (sentence-six remand). *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

[5] A temporal lobectomy is defined as "excision of part or all of a temporal lobe in the treatment of temporal lobe epilepsy." *Dorland's Illustrated Medical Dictionary* (28th Ed.) at 955.

discussed, the ALJ did not clearly articulate reasons for rejecting plaintiff's claims regarding the frequency of his seizures. These medical records provide objective evidence that plaintiff suffered from intractable epilepsy. There is a reasonable probability that after examining these additional records, the ALJ would have reached a different disposition of this disability claim.

### IV. Recommendation

For these reasons, I respectfully recommend that the Commissioner's decision be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of plaintiff's medical records reflecting his treatment between April 17, 2006 and October 6, 2006.

Dated: January 15, 2008                     /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).